STOKES WAGNER ALC
PETER B. MARETZ, SBN 144826
pmaretz@stokeswagner.com
600 West Broadway, Suite 910
San Diego, CA 92101
Telephone:  (619) 232-4261
Facsimile:   (619) 232-4840

STOKES WAGNER ALC
DIANA LERMA, SBN 258442
dlerma@stokeswagner.com
555 West 5th Street, 35th Floor
Los Angeles, CA 90013
Telephone:  (213) 618-4128
Facsimile:   (619) 232-4840

SPECTOR GADON ROSEN VINCI P.C.
George M. Vinci, Jr. (admitted *pro hac vice*)
gvinci@sgrvlaw.com
NEAL R. TROUM (admitted *pro hac vice*)
ntroum@sgrvlaw.com
1635 Market Street, 7th Floor
Philadelphia, PA 19103
Telephone:  (215) 241-8840
Facsimile:   (215) 531-9128

Attorneys for Plaintiffs COLUMBIA SUSSEX MANAGEMENT, LLC, and CW HOTEL LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SUSSEX MANAGEMENT, LLC, and CW HOTEL LIMITED PARTNERSHIP, individually and on behalf of all other hotel owners and managers operating hotels in Santa Monica, California,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA MONICA,<br><br>Defendant. | Case No. 2:19-cv-09991 ODW (SKx)<br><br>**PLAINTIFFS COLUMBIA SUSSEX MANAGEMENT, LLC AND CW HOTEL LIMITED PARTNERSHIP'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT** |

      Pursuant to Local Rule 7-10, Plaintiffs Columbia Sussex Management and CW Hotel Limited Partnership ("Plaintiffs") respectfully submit this motion for leave to file a surreply limited to no more than 12 pages in response to arguments raised and authorities cited for the first time in the Reply [Dkt. No. 47] filed by Defendant, City of Santa Monica ("Defendant") in support of its Motion to Dismiss [Dkt. No. 42] Plaintiffs' Second Amended Class Action Complaint.  The hearing on the Motion to Dismiss has been vacated and the matter will be decided without oral argument, so Plaintiffs will not have any other opportunity to address the newly raised issues and authorities. *See* May 6, 2020 Order [Dkt. No. 48.]  Defendants have stipulated that they would not oppose this request. *See* March 17, 2020 Order [Dkt. No. 46.] (Maretz Declaration, ¶ 3).  A copy of Plaintiffs' proposed surreply is attached to the Declaration of Peter Maretz as Exhibit "A".

      While Local Rule 7-10 requires a party to obtain leave of Court in order to file a surreply, such permission is within the Court's discretion and should be granted when a reply brief raises new arguments. *E.g.*, *Banga v. Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 WL 5539690, at *3 (N.D. Cal. Sept. 30, 2013) (granting motion for leave to file surreply where reply brief raised new arguments); *Singh v. U.S. Dep't of Homeland Sec.*, No. 1:12-CV-00498-AWI, 2013 WL 1704296, at *4 (E.D. Cal. Apr. 19, 2013), report and recommendation adopted, No. 1:12-CV-00498-AWI, 2013 WL 2474497 (E.D. Cal. June 7, 2013) (recommending granting leave to file counter-declaration in surreply in matter where no hearing would be held on motion).

      Good cause for permitting a surreply exists here because Defendant's Reply raises several new arguments and cites at least six new cases, including the decisions in *Axonic Capital LLC*, *Lewis*, *Mariscal*, *Prince*, *Rhode Island Hospitality*, and *Zhu*. *See* Defendant's Reply, *passim*. One of Defendant's new arguments is that "…whether the pressure to unionize presented by a waiver provision results in

*Machinists* preemption is a question of law for the court, rendering irrelevant Plaintiff's conclusory allegation (SAC ¶54) that in this case that pressure is 'direct' rather than 'indirect.'" (Reply at p.7n.4.) Defendant also cites new authority to argue that Plaintiffs abandoned their arguments as to one type of CalOSHA preemption. (Reply at p.5n.2.) Defendant cites three new cases in support of its suggestion that the Court should decline to entertain Plaintiff's claim for declaratory relief. (Reply at pp.10-11.)

      Accordingly, Plaintiffs respectfully request the Court to grant them leave to file the attached surreply to address Defendant's new arguments and authorities.

DATED: May 13, 2020        STOKES WAGNER ALC

By: /s/ Peter B. Maretz
PETER B. MARETZ
Attorneys for Plaintiffs COLUMBIA SUSSEX MANAGEMENT, LLC, and CW HOTEL LIMITED PARTNERSHIP