JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| COLUMBIA SUSSEX MANAGEMENT, LLC, and CW HOTEL LIMITED PARTNERSHIP, individually and on behalf of all other hotel owners and managers operating hotels in Santa Monica, California,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF SANTA MONICA,<br><br>        Defendant. | Case No. 2:19-cv-09991-ODW (SKx)<br><br>**ORDER DECLINING TO VACATE JUDGMENT ON REMAND** |

## I.   INTRODUCTION & BACKGROUND

On September 10, 2019, the Santa Monica City Council adopted Santa Monica Municipal Code Chapter 4.67, including section 4.67.030(a) (the "Ordinance"), to enhance the protection of hotel workers in the hospitality industry in Santa Monica. (Second Am. Compl. ("SAC") ¶¶ 1, 18, ECF No. 39.)  The Ordinance prevents hotel employees who clean guest rooms from cleaning more than a specified square footage of floor space during their scheduled shift without additional compensation.  (*Id.* ¶ 1.) Plaintiffs Columbia Sussex Management, LLC and CW Hotel Limited Partnership filed this putative class action against Defendant City of Santa Monica challenging the validity of portions of the Ordinance.  (*Id.* ¶¶ 4, 62.)

On August 28, 2020, the Court dismissed Plaintiffs' SAC with prejudice and without leave to amend and issued Judgment against Plaintiffs. (Order Granting Mot. Dismiss, ECF No. 52; J., ECF No. 53.) Plaintiffs appealed. (*See* Notice of Appeal, ECF No. 54.) During the pendency of the appeal, Plaintiffs sold their interests in the subject hotel, making Plaintiffs no longer subject to the Ordinance. (*See* Pls.' Mem. 2, ECF No. 59; Def.'s Resp. 1, ECF No. 60.) The Ninth Circuit accordingly granted the City's motion to dismiss the appeal as moot. (Ninth Circuit Order, ECF No. 57.)

The Ninth Circuit remanded the action to this Court "with instructions to 'balance the relevant equitable concerns and decide whether to vacate its judgment.'" (*Id.* (quoting *Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012)).) Upon receiving the case on remand, the Court ordered Plaintiffs and the City to submit briefing with their respective positions regarding issues relevant to equitable vacatur. (*See* Min. Order, ECF No. 58.) The Court has reviewed the parties' papers and finds as follows.

## II.   DISCUSSION

"The 'normal rule' when a case is mooted is that vacatur of the lower court decision is appropriate." *Masto*, 670 F.3d at 1065 (citing *Camreta v. Green*, 563 U.S. 692, 712 (2011)). This is so where a case has "become moot due to circumstances unattributable to any of the parties" or "where mootness results from the unilateral action of" the party that prevailed in the lower court. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994). This default approach "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences." *Masto*, 670 F.3d at 1065 (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)).

However, when the losing party "seeking relief from the judgment below cause[s] the mootness by voluntary action," they "surrender their claim to 'the equitable remedy of vacatur.'" *Id.* (quoting *U.S. Bancorp*, 513 U.S. at 24, 25). Thus, in determining whether to vacate a judgment below, "[t]he principal condition to

which [courts must] look[] is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp*, 513 U.S. at 24; *see also Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995) (noting a district court should consider "the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." (internal quotation marks omitted)). "[T]he party seeking relief from the . . . judgment" bears the burden "to demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 26.

Here, Plaintiffs voluntary action caused the action to become moot in that Plaintiffs sold their interests in the subject hotel, thereby relinquishing their stake in the controversy. (*See* Pls.' Mem. 2.) Plaintiffs attempt to recharacterize the sale as a result of the "vagaries of circumstance," forced by Plaintiffs' financial burden. (*See id.* at 3.) However, the Court finds that the circumstances here are patently of the type that fall within the exception, as it was Plaintiffs' choice to sell their interests in the subject hotel and thus forfeit their claim to the "equitable remedy of vacatur." *See Masto*, 670 F.3d at 1065. Plaintiffs' argument that the Ninth Circuit "erred in dismissing this case as moot" is not well-taken. (Pls.' Mem. 3.) This Court is bound by precedent of the Ninth Circuit, and particularly so by rulings that constitute the law of the case. *See United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) ("A trial court may *not* . . . reconsider a question decided by an appellate court."). The Court may not simply disregard the Ninth Circuit's ruling in the appeal of this matter.

Leaving the Judgment in vigor will cause Plaintiffs no prejudice, as they no longer own the subject hotel in Santa Monica, are not subject to the Ordinance, and therefore would have no occasion to "relitigat[e] unreviewed disputes." *See Dilley*, 64 F.3d at 1371. Leaving the judgment intact will also serve the public interest, as "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." *See U.S. Bancorp*, 513 U.S. at 26. Additionally, the City aptly notes that Plaintiffs appealed only one portion of this Court's final ruling, which resolved

multiple constitutional challenges.  (*See* Def.'s Resp. 3.)  Thus, vacating the judgment in its entirety would not be appropriate in any event.

### III.   CONCLUSION

For the foregoing reasons, the Court **DECLINES** to vacate the judgment.

**IT IS SO ORDERED.**

August 24, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**